# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GILDA ARREDONDO,

        Plaintiff,

v.

CASH 1, LLC,

        Defendant.

Civil Action No.: 2:13-cv-01581-JCM-CWH

**FIRST AMENDED COMPLAINT**

For this First Amended Complaint, the Plaintiff, GILDA ARREDONDO, by undersigned counsel, states as follows:

## JURISDICTION

1.    This action arises out of Defendant's violations of Nevada Revised Statutes Chapter 604A.010 *et seq.* ("NRS 604A"), and the harassment of Plaintiff by the Defendant and its agents in their illegal efforts to collect a high-interest loan as defined under this Chapter.

1.    Defendant has through its conduct in collecting a loan governed by NRS 604A violated NRS 604A.415.

2.    Defendant CASH 1, LLC is a "licensee" as that term is defined by NRS 604A.

3.    NRS 604A.415 incorporates the Fair Debt Collection Practices Act

(FDCPA), as amended, 15 U.S.C. §§ 1692a to 1692j, which applies herein "even if the licensee is not otherwise subject to the provisions of the [FDCPA]."

4.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

5.     Venue is proper in the U.S. District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of Nevada.

6.     Moreover, on August 30, 2013, Defendant removed this action from Clark County District Court.

## PARTIES

7.     The Plaintiff, GILDA ARREDONDO ("Plaintiff"), is an adult individual residing in Las Vegas, Nevada.

8.     Defendant CASH 1, LLC  ("CASH 1"), is doing business in the State of Nevada.

9.     CASH 1 at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

10.     Plaintiff allegedly incurred a financial obligation (the "Debt") to CASH 1.

11.     The Debt was a "high-interest loan" as defined by NRS 604A.0703.

12.     NRS 604A.415 provides that:

> If a customer defaults on a loan, the licensee may collect the debt owed to the licensee only in a professional, fair and lawful manner. When collecting such a debt, the licensee must act in accordance with and must not violate sections 803 to 812, inclusive, of the federal Fair Debt Collection Practices Act, as amended, 15 U.S.C. §§ 1692a to 1692j, inclusive, even if the licensee is not otherwise subject to the provisions of that Act.

13.     As such, a violation of the Fair Debt Collection Practices Act (FDCPA) a though j is also a violation of NRS 604A.415.

## B. CASH 1 Engages in Harassment and Abusive Tactics

### FACTS

14.     In its attempt to collect the Debt, CASH 1 engaged in a campaign of abuse to collect upon the Plaintiff.

15.     Plaintiff received phone calls and voicemails from CASH 1, claiming that an "investigation" had revealed that Plaintiff signed the loan agreement with CASH 1 five days after being terminated from her job and would therefore be a "more serious offense."

16.     An individual Collector, by the name of Jake, from CASH 1, called Plaintiff on May 6, 2013 and May 8, 2013, leaving Plaintiff voicemails on her cellular phone.

17.     In the voicemails left by Jake, in an oppressive and threatening

manner, Jake claimed that CASH 1 was going to move forward with "all legal actions available to them" if Plaintiff did not return his calls.

18.    Jake also stated that the balance owed by Plaintiff would increase several hundred dollars if Plaintiff did not return his phone calls immediately.

19.    As a result of these phone calls, Plaintiff was extremely worried that CASH 1 was violating her right to privacy and was deeply troubled about CASH 1's intimidating threats.

20.    On May 16, 2013, Plaintiff received a text message from CASH 1 stating that her loan had been sent to the "pre-legal department" and was being reviewed for "legal action."

21.    On July 12, 2013 at 3:33 PM and July 25, 2013 at 1:35 PM, CASH1 againt sent Plaintiff a text message threatening:

> **Your account is being considered for legal action &
> wage garnishment. Call...now for payment options &
> avoid possible garnishment**

22.    CASH 1's threats of legal action were a baseless and opressive ruse used to illegally collect the Debt from the Plaintiff. This is further evidenced by the fact that CASH 1 never carried out its threat of "legal action."

23.    As a result of these illegal actions, Plaintiff retained counsel and filed suit against CASH 1 on July 30, 2013.

24.    Thereafter, CASH 1 removed the pending State Court action to this

Court.

25.    "Exhibit A" attached to CASH 1's "Notice of Removal" (filed as

Document No. 1 in the instant Case), is a document titled "Cash 1, LLC – HIGH-

INTEREST LOAN AGREEMENT" (hereinafter the "Void Loan Agreement").

26.    The Void Loan Agreement includes a "Truth in Lending Act

Disclosure Statement" (the "TILA Disclosures").

27.    The TILA Disclosures provide the following terms:

| | |
|---|---|
| Amount Financed: | $300.00 |
| Finance Charge: | $170.66 |
| Total Payments: | $470.66 |
| Annual Percentage Rate (APR): | 388.9070% |

28.    According to the Void Loan Agreement, the above payments were to

be paid in six (6) bi-weekly installments of $78.41 commencing on "1/4/2013"

with a last installment due on "3/15/2013".

29.    Accordingly, the Void Loan Agreement was to be repaid over a period

of sevety (70) days.

30.    The TILA Disclosures were inaccurate.

31.    The actual APR for a 70 day installment loan for $300 paid in

installments of $78.41 is 409.97% (not 388.9070% as stated in the TILA

Disclosures).

32.    The TILA Disclosures therefore understated the correct APR by

21.063%.

33.     CASH 1's failure to provide accurate TILA Disclosures was willful.

34.     CASH 1 violated NRS 604A.435(2) (among other provisions of NRS 604A) by taking a:

> promise to pay which does not disclose the date and amount of the loan, amount financed, annual percentage rate, finance charge, total of payments, payment schedule and a description and the amount of every fee charged, regardless of the name given to the fee and regardless of whether the fee is required to be included in the finance charge under the Truth in Lending Act and Regulation Z.

35.     Accordingly, the Void Loan Agreement is "void" and therfore uneforceable against the Plaintiff pursuant to NRS 604A.900(1).

36.     As the Void Loan Agreement is void, any provisions contained in the Void Loan Agreement are also void, including arbitration provisions.

## C. Plaintiff Suffered Actual Damages

37.     The Plaintiff has suffered and continues to suffer actual damages as a result of CASH 1's unlawful conduct.

38.     As a direct consequence of CASH 1's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## D. Plaintiff Suffered Actual Damages

39.     The Plaintiff has suffered and continues to suffer actual damages as a

6

result of CASH 1's unlawful conduct.

40.    Further, Plaintiff alleges that Defendants actions at all times herein were "willful."

41.    As a direct consequence of CASH 1's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**E. Respondeat Superior Liability**

42.    The acts and omissions of CASH 1, and the other debt collectors employed as agents by CASH 1 who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant CASH 1.

43.    The acts and omissions by CASH 1 and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by CASH 1 in collecting consumer debts.

44.    By committing these acts and omissions against Plaintiff, CASH 1 and these other debt collectors were motivated to benefit their principal, Defendant CASH 1.

45.    CASH 1 is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions

done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Nevada law, in their attempts to collect a debt from Plaintiff.

**COUNT I**
**VIOLATIONS OF THE FDCPA**
**AS INCORPORATED THROUGH NRS 604A.415**

46.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47.     Any violation of 15 U.S.C. §§ 1692a through j constitutes a violation of NRS 604A.415.

48.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

49.     The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants engaged in false, deceptive or misleading behavior in connection with the collection of a debt.

50.     The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the amount of the Debt owed by Plaintiff and attempted to have Plaintiff pay more than the Debt owed to Creditor.

51.     The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take action against the Plaintiff which it could not legally

take or did not intend to take in collection of a debt.

52.    The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed various false representations and deceptive means to collect a debt.

53.    The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants communications with Plaintiff failed to include a "mini-Miranda" warning, "This is an attempt to collect a debt" and/or that the "communication is from a debt collector".

54.    The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt and attempted to humiliate and belittle Plaintiff.

55.    The Defendants' conduct violated 15 U.S.C. § 1692f(1) in that Defendants attempted to collect an amount not authorized by the agreement between Plaintiff and Creditor.

56.    The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA (and therefore also constitute violations of NRS 604A.415), including every one of the above-cited provisions.

57.    The Plaintiff is entitled to damages as a result of Defendants' violations.

58.    The Plaintiff has been required to retain the undersigned as counsel to

protect the Plaintiff's legal rights to prosecute this cause of action, and is therefore

entitled to an award or reasonable attorneys' fees plus costs incurred.

## COUNT II.
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

59.     Plaintiff incorporates by reference all of the paragraphs of this

Complaint as though fully stated herein.

60.     Congress explicitly recognized a consumer's inherent right to privacy

in collection matters in passing the Fair Debt Collection Practices Act, when it

stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

> 15 U.S.C. § 1692(a) (emphasis added).

61.     Congress further recognized a consumer's right to privacy in financial

data in passing the Gramm Leech Bliley Act, which regulates the privacy of

consumer financial data for a broad range of "financial institutions" including debt

collectors albeit without a private right of action, when it stated as part of its

purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

62.    Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

63.    Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

64.    The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against this Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

65.    As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each Defendant.

…

…

…

…

11

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants awarding the Plaintiff:

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants awarding the Plaintiff:

## **COUNT I.**

## **VIOLATIONS OF THE FDCPA AS INCORPORATED THROUGH NRS 604A.415**

1. for consequential damages pursuant to NRS 604A.930 against each and every Defendant for Plaintiff;

2. for an award of actual damages pursuant to NRS 604A.930 against each and every Defendant for Plaintiff;

3. for an award of punitive damages pursuant to NRS 604A.930 against each and every Defendant for Plaintiff;

4. for an award of costs of litigation and reasonable attorney's fees pursuant to NRS 604A.930 against each and every Defendant for Plaintiff;

5. "void" the Debt, bar Defendant from collecting thereon, and compel the Defendant to turnover any principal, interest or other charges or fees collected on the Debt pursuant to NRS 604A.900(1).

12

6.  any other legal or equitable relief that the court deems appropriate.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

7.  for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the intentional and/or negligent NRS 604A violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff; and

8.  for such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 30, 2013

Respectfully submitted,

By  /s/David H. Krieger, Esq.

David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 130
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*GILDA ARREDONDO*